## SCOTT v. SCOTT.

No. 6609.   Decided October 18, 1943.   (142 P. 2d. 198.)

*Gaylen S. Young,* of Salt Lake City, for appellant.

*Horace J. Knowlton,* of Salt Lake City, for respondent.

MOFFAT, Justice.

The parties hereto will be referred to as plaintiff and defendant. On the 28th day of February, 1939, a decree of divorce was ·entered by the District Court of the Third Judicial District of the State of Utah by which the marital status of plaintiff and defendant was terminated. The sum of $70 a month was awarded to plaintiff for the support of two minor daughters, the issue of the parties to the marriage contract.

The decree declares the defendant to be an able-bodied man, capable of earning "at least from $170.00 to $200.00 per month, and that the sum of $70.00 per month is a reasonable amount to be allowed as support money for the support, maintenance and education of the minor children." The girls at that time were Yvonne Mae, age 13, and Betty Lorraine, age 8. No alimony was provided.

A few months after the divorce became final, defendant married again, and a short time after that, plaintiff also remarried.

At the time of the hearing of this case upon the petition and order requiring the defendant to show cause why he should not be punished for contempt for failure to pay the support money as provided by the decree of divorce, the girls had attained the ages of 17 and 11, respectively. The petition for the order to show cause also asked to have the delinquent support payments reduced to a judgment. The amount of the delinquent payments, $1,020, was reduced to judgment and is not questioned on this appeal.

Defendant submits argument upon four claimed errors in the trial court's decision upon the order to show cause and the cross-petition for modification of the decree. They are: That the court erred (1) in denying the defendant's motion for a modification; (2) in failing to segregate the amount of support money between the two minors; (3) in finding the defendant guilty of contempt of court; and (4) in requiring defendant to pay plaintiff $50.00 for attorney's fee.

We first state the conclusions reached and shall then review the evidence. The trial court found from the evidence that the motion to modify the decree as to support money for the two minor children was without foundation. As to the apportionment of the allowance, the pleadings were not clear and the record discloses there was no occasion to consider the matter of apportionment of the allowance. Claimed error numbered (2) above need not be further considered.

As to the claimed error in finding the defendant guilty of contempt, the order relating to it was conditionally set aside by giving defendant further opportunity to comply with the decree of the court. There are left only the two questions, refusal to modify and attorney's fee.

The defendant failed to show any change of conditions as to his financial ability or pecuniary legal responsibilities to justify a modification of the decree. The evidence supports the finding and order. The defendant is an employee of the Union Pacific Railroad Company and has been for about twenty years. He was so employed when the decree was entered. At the time the decree was entered in 1939, the record shows he was making about $150 to $170 a month. His payroll average for the year 1942 was $231.94 a month. By the second marriage, he has one child, a boy, two years and four months old, and there are two children of his present wife by a former marriage, one a son about twenty years of age and the other

a daughter, making a household of five members. The son is working and contributes to the family expense. The daughter attends high school. Defendant testified that he figured it was costing him $40 a month for each of the five members of the family now living with him. Two of them may not displace the two minor children by his former wife, for whose support by the decree he must pay $70 a month. By his own calculations, he can pay the support for these two girls, both of whom are in school.

His older daughter is 17 and had another year and a half to complete high school. Both daughters are with their mother in the State of Washington.

The trial court in summing up the matter of income and expenses fully cover the situation as shown by the evidence when it was stated that, after allowing certain deductions for insurance, hospital dues and other payroll deductions, defendant received nearly $2,550 for the year preceding the hearing and in addition received $13 a month from the government.

As to the attorney's fee, the court had before it the whole record and had participated in the hearing on the order to show cause, which was contested, the petition for modification, and the request, if it may be so considered, for a segregation of the support money, and a motion for a new trial. At the conclusion of the hearings the matter of the allowance of an attorney's fee was discussed before the court. It was, without objection on the part of defendant, left to the court to fix the attorney's fee. It was shown that plaintiff was without means to prosecute the cause or pay counsel. She asked for $50 and that amount was fixed by the court as a reasonable fee for the services rendered by her counsel.

In the whole matter the trial court was considerate. When the delinquent support money was reduced to judgment and defendant was found in contempt, the commitment was suspended so long as the defendant complied with the court orders.

We find no error in the record. The judgment of the lower court is affirmed, with costs to respondent.

WOLFE, C. J., and LARSON, McDONOUGH, and WADE, JJ., concur.